IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **RUDY MEDRANO** | § | |
| | § | |
| **V.** | § | |
| | § | A-09-CA-584-SS |
| **MICHAEL J. ASTRUE,** | § | |
| **COMMISSIONER OF THE** | § | |
| **SOCIAL SECURITY ADMINISTRATION** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATED MAGISTRATE JUDGE**

TO:  THE HONORABLE SAM SPARKS
     UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Original Complaint seeking reversal of the final decision of the Social Security Administration (Clerk's Doc. No. 9); Plaintiff's Brief in Opposition to the Commissioner's Decision (Clerk's Doc. No. 19); and Defendant's Brief in Support of the Commissioner's Decision (Clerk's Doc. No. 20). Also before the Court is the Social Security record filed in this case (Cited as "Tr."). Plaintiff Rudy Medrano appeals from the determination that he is not disabled and presents for review two issues: (1) whether the ALJ failed to properly consider the impact of Plaintiff's obesity on his ability to work; and (2) whether substantial evidence supports the ALJ's findings regarding the Plaintiff's residual functional capacity as it relates to prolonged sitting and the ability to function for a 40 hour work week.

The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.  GENERAL BACKGROUND

On November 14, 2006, Rudy Medrano (hereinafter "Medrano" or "Plaintiff") filed an application for a period of disability and disability insurance benefits under Title II and Title XVII of the Social Security Act (the "Act") (Tr. 85).  Medrano alleges disability beginning October 20, 2006 (Tr. 99).  The claim was denied initially on January 26, 2007, and upon reconsideration on April 27, 2007 (Tr. 44, 54).  Medrano timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on June 11, 2008, in Waco, Texas (Tr. 13, 20–41).  Medrano testified at the hearing and was represented by his attorney, Susan Denzer (Tr. 20).[1]  Ilene Gray, a vocational expert, also appeared and testified at the hearing (Tr. 20).  The ALJ issued an unfavorable decision dated August 18, 2008, finding that Medrano was not disabled within the meaning of the Act (Tr. 10–19).  The Appeals Council declined Medrano's request for review by notice on June 3, 2009, making it the final decision of the Commissioner (Tr. 1–3).  Medrano then brought the instant action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner denying him benefits under the Act.

## II.  FINDINGS OF ADMINISTRATIVE LAW JUDGE

The ALJ found that Medrano has the following severe impairments: obesity, gout, osteoarthritis, and diabetes mellitus (Tr. 15).  The ALJ further found that Medrano does not have an impairment or combination of impairments that meet or medically equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 15).  In regard to residual functional capacity ("RFC"), the ALJ found that Medrano has the RFC to lift/carry 10 pounds occasionally and less than 10 pounds frequently, push/pull limited to the same weight, stand/walk 2 hours in an 8-hour

---

[1] In this appeal, he is represented by Mary Ellen Felps.

workday, and sit 6 hours in an 8-hour workday. Furthermore, Medrano could only occasionally climb ramps and stairs, occasionally balance, and he must avoid climbing ropes, ladders, and scaffolds, and avoid operating foot pedals (Tr. 16). After considering Medrano's age, education, work experience, and RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy that Medrano can perform. Specifically, the ALJ found that Medrano is capable of performing the requirements of occupations such as charge account clerk (3,200 in Texas; 41,000 in the United States), final assembler of optical goods (6,000 in Texas; 80,000 in the United States), and clerical addresser (3,200 in Texas; 43,000 in the United States) (Tr. 19). Accordingly, the ALJ found that Medrano is not disabled as defined in the Act (Tr. 19).

### III.  ISSUES BEFORE THE COURT

Medrano contends that the ALJ's decision is not supported by substantial evidence and is not based upon the proper legal standards. Specifically, Medrano argues that (1) the ALJ failed to properly consider the impact of Plaintiff's obesity on his ability to work; and (2) substantial evidence does not support the ALJ's findings regarding the Plaintiff's residual functional capacity as it relates to prolonged sitting and the ability to function for a 40 hour work week.

### IV.  STANDARD OF REVIEW

In Social Security disability appeals, the limited role of the reviewing court, as dictated by 42 U.S.C. § 405(g), is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standard. *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa v. Sullivan*,

895 F.2d 1019, 1021–22 (5th Cir. 1990) (quoting *James v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Courts weigh four elements of proof when determining whether there is substantial evidence of a disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). However, the reviewing court cannot re-weigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Martinez*, 64 F.3d at 174. If supported by substantial evidence, the Commissioner's findings are conclusive and are to be affirmed. *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988).

## V. ANALYSIS

**A.    Did the ALJ fail to properly consider the impact of Plaintiff's obesity on his ability to work?**

Under his first issue, Medrano argues that this case should be remanded because the ALJ failed to properly apply SSR 02-1p. Though his argument is not entirely clear, Medrano apparently believes that the ALJ erred in the treatment of his obesity and that the case should be remanded to address the issues that are required by SSR-02-1p.

According to Medrano, SSR-02-1p "recognizes that obesity causes limitations of function in sitting as well as standing and walking, limitations in carrying, manipulating, and tolerating

extreme heat, humidity, and hazards." Pl. Brief at 5.  However, this ruling does not state that obesity necessarily causes these limitations; rather, it provides that obesity can cause these limitations.  *See* SSR 02-1p, 2000 WL 628049, at *6 ("Obesity *can* cause limitation of function. The functions likely to be limited depend on many factors, including where the excess weight is carried. An individual *may* have limitations in any of the exertional functions such as sitting, standing, walking, lifting, carrying, pushing, and pulling.  It *may* also affect ability to do postural functions, such as climbing, balance, stooping, and crouching.") (emphasis added).  Thus, the ALJ was not required to find any particular limitations of function because of Medrano's obesity.  But more to the point, the ALJ actually found limitations in many of these exertional and postural functions in making the RFC determination.  As noted above, the ALJ found significant limitations in Medrano's RFC, such as limiting Medrano to lifting, carrying, pushing or pulling 10 pounds occasionally (and less than 10 pounds frequently), standing or walking 2 hours in an 8-hour workday, and sitting 6 hours in an 8-hour workday.  The ALJ also found that Medrano could only occasionally climb ramps and stairs, occasionally balance, and he could not climb ropes, ladders, or scaffolds, or operate foot pedals.  Therefore, it appears that the ALJ recognized the limitations of function that obesity can cause, and incorporated these limitations into the RFC finding.

As for the requirement in the ruling that, "[a]s with any other impairment, we will explain how we reached our conclusions on whether obesity caused any physical or mental limitations," SSR 02-1p, at *7, the ALJ failed to do this.  But while the decision does not explicitly explain how the ALJ reached his conclusion on whether obesity caused any physical limitations,[2] the decision, as discussed above, shows that the ALJ found obesity caused or contributed to Medrano's physical

---

[2] Medrano does not allege that any errors were made in regard to mental limitations.

limitations and accounted for them in making the RFC finding.

When an ALJ fails to follow a ruling, a plaintiff seeking judicial review must also demonstrate prejudice arising from that error to be entitled to relief. *Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir. 1981). Medrano does not show how the ALJ's failure to explain how he reached his conclusion on whether Medrano's obesity caused any physical limitations affected the outcome in this case. Because the ALJ listed obesity as a severe impairment, and because it was clearly taken into account in making the RFC determination, the undersigned believes that this issue is not grounds for remand.[3]

**B.     Did the ALJ err in his findings regarding Plaintiff's residual functional capacity as it relates to prolonged sitting and the ability to function for a 40 hour work week?**

Medrano states in his second issue that substantial evidence does not support the ALJ's finding in regard to the residual functional capacity as it relates to prolonged sitting and the ability to function for a 40 hour work week. In actuality, however, Medrano is essentially arguing that the evidence would support a more limited RFC finding.[4] Again, the Court's role is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole, not whether the evidence would support a different finding. *Kinash v. Callahan*, 129 F.3d 736, 738

---

[3] In regard to Plaintiff's unsupported assertion that "it is rather incredible that an obese person with gout and osteoarthritis could balance at all or climb stairs even occasionally," Plaintiff does not explain how this finding would have any affect on the ALJ's disability determination. Plaintiff does not state what jobs would be precluded had the ALJ not made this finding, and the Commissioner specifically asserts that the jobs listed by the ALJ do not require balancing or climbing. Thus, even assuming Plaintiff is correct that he could not balance at all or climb stairs even occasionally—a point that the Commissioner does not concede—this would not be a reason for remand.

[4] Tellingly, Medrano states near the end of his argument in this section of his brief, "The evidence supports a finding that Mr. Medrano's residual functional capacity is less than that found by the ALJ." Pl. Brief, at 9.

(5th Cir. 1997).  The court "may not reweigh the evidence in the record, nor try the issues *de novo*, nor substitute [its] judgment for that of the Secretary, even if the evidence preponderates against the Secretary's decision."  *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988).  If supported by substantial evidence, the Commissioner's findings are conclusive and are to be affirmed.  *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999).  Because a finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision, *Johnson*, 864 F.2d at 343–44, this argument also fails.

      The determination of RFC is an administrative assessment based on the totality of the evidence, not just the medical evidence, of the extent to which a claimant's impairments and related symptoms affect his capacity to do work-related activities.  The assessment of a claimant's RFC is reserved solely to the ALJ.  *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995); 20 C.F.R. § 404.1527(e)(2); SSRs 96-5p, 96-8p.  In the decision, the ALJ discussed the evidence—both medical and non-medical—that he relied on in making his RFC finding (Tr. 16–18).  In regard to medical evidence, the ALJ first discussed how Dr. Sukumar's evaluation on Medrano did "not support a conclusion the claimant was precluded from performing all work-related activity on October 20, 2006, his alleged onset date" (Tr. 17).  The ALJ also discussed how the evidence suggested that Medrano's gouty arthritic pain was controlled with medication, and that it did not suggest symptomatology that would preclude competitive work for 12 months or support the degree of limitation reported during the hearing (Tr. 17).  The ALJ also considered Medrano's statements to his physicians in finding that Medrano's alleged need to change positions every 10 minutes and elevate his legs throughout the day was inconsistent with the objective evidence (Tr. 17).

      The ALJ also relied on other non-medical evidence in making his RFC finding, such as the

fact that Medrano helped care for his terminally ill wife by occasionally administering her medication, occasionally bringing her food, and assisting his wife's care givers with getting his wife up and down (Tr. 16, 27-30). The ALJ also considered that Medrano drove 1 to 2 times a week (Tr. 16, 27-28), and that he primarily used over-the-counter drugs for pain (Tr. 17). *See Griego v. Sullivan*, 940 F.2d 942, 945 (5th Cir. 1991) (within discretion of the ALJ to discount complaints of pain based on medical reports combined with daily activities and decision to forego certain medications); *see also Jones v. Heckler*, 702 F.2d 616, 622 (5th Cir. 1983) (evidence that a claimant does not take "an inordinate amount of prescribed pain medications" supports an ALJ's determination that the claimant's subjective complaints are not credible).

In sum, the undersigned believes that while there may be evidence to support a different conclusion, substantial evidence nevertheless supports the ALJ's RFC finding. Accordingly, the Commissioner's decision should be affirmed.

## VI.  RECOMMENDATION

Based upon the foregoing, the undersigned finds that the Commissioner's decision is supported by substantial evidence and correctly applies the relevant legal standards. Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that the District Judge **AFFIRM** the decision of the Commissioner in this case and **ENTER JUDGMENT** in favor of the Defendant.

## VII.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 16th day of April, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE